IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| SANDY JONAS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV-06-111-E-BLW |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| STATE OF IDAHO, IDOC, | ) | |
| ANGELA PROCTOR, | ) | |
| BONNEVILLE COUNTY JAIL, | ) | |
| JEROME COUNTY, JAMES D. | ) | |
| LOHMANN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pending before the Court is the review of Plaintiff's Amended

Prisoner Civil Rights Complaint (Amended Complaint) to determine

whether the allegations are subject to summary dismissal under 28 U.S.C.

§ 1915(e)(2).  Having reviewed the Amended Complaint and the record in

this matter, the Court has determined that Plaintiff's Amended Complaint

fails to adequately allege cognizable constitutional claims.  Therefore, the

Amended Complaint is subject to dismissal.

**ORDER  1**

## BACKGROUND

In the Court's Initial Review Order, Plaintiff was informed that the Complaint in her lawsuit failed to state cognizable constitutional claims. She was also advised that the claims described in the Complaint arose beyond the statute of limitations for civil rights claims. *Docket No. 11*, p. 4-6. The Court outlined the applicable legal standards for the claims Plaintiff appeared to be raising in the Complaint, and she was given leave to file an Amended Complaint.

The Amended Complaint names the following Defendants: (1) Angela Proctor, an employee at the Bonneville County Jail; and (2) James Lohmann, M.D., contracting physician with Jerome County. Plaintiff also listed the State of Idaho, the IDOC, and Jerome County as Defendants in the caption of the Complaint, but there are no allegations set forth against the State of Idaho and the IDOC in the body of the Complaint. *Amended Complaint, Docket No. 12*, p. 1.

Plaintiff alleges that during August and September of 2003, Defendant Proctor groped her crotch during two pat searches. During the pat search in September, Defendant Proctor allegedly jerked Plaintiff's underwear, causing abrasions on Plaintiff's skin. *Id.*, p. 4. Plaintiff alleges that she

**ORDER  2**

contacted the Bonneville County prosecutor's office and requested that an investigation be conducted into Defendant Proctor's actions. She claims that two police officers talked to her about the incidents during January of 2004. *Id*.

Plaintiff's Amended Complaint also includes a claim described as "Sexual Harassment/Professional Misconduct." *Id*., p. 5. She claims that she was sent to Defendant Lohmann for a medical examination sometime in February of 2004 because she was experiencing a bowel problem. Defendant Lohmann sent her to have a medical test, and when she went back to him to review the results of the test, he informed her that she had an elongated colon. *Id*. Plaintiff alleges that Defendant Lohmann made an obscene gesture to her while she was in his medical office. She claims that she filed a complaint with the medical licensing board and wrote a letter to a Jerome County sheriff. *Id*.

Plaintiff also generally alleges that both Bonneville and Jerome Counties deprived her of her constitutional rights because county officials failed to properly train Defendants Proctor and Lohmann. There was an alleged failure to train employees in the area of sexual contact with and sexual harassment of inmates. She further alleges that the counties had a

**ORDER  3**

policy or custom of permitting employees to have "physical, mental or emotional" sexual contact with inmates. *Id*., p. 3.

Plaintiff further alleges that some personal property items were confiscated from her in October of 1998 at the time of her incarceration. She claims that she requested the return of her property several times, dating back to the time of her incarceration. *Id*., p. 6.

## REVIEW OF COMPLAINT

The Court is required to review complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915. The Court must dismiss a complaint or any portion thereof which states a claim that is frivolous or malicious, that fails to state a claim upon which relief can be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### Claim Against Defendant Proctor

The allegations in the Amended Complaint pertaining to Defendant Proctor are the same as those set forth in the original Complaint. Plaintiff alleges that Defendant Proctor groped her crotch on two occasions during a pat search and jerked her underwear after one of the searches. She claims

**ORDER 4**

that she sustained an "abrasion" in her genital area.  Plaintiff was previously advised that these allegations were insufficient to state a constitutional violation.

Cognizable Eighth Amendment claims are those involving serious incidents causing "unnecessary and wanton infliction of pain," where such pain has been inflicted by prison officials' "deliberate indifference to the inmates' health or safety."  *Hope v. Pelzer*, 536 U.S. 730, 736-37 (2002) (internal citations and punctuation omitted.  Further, in *McKune v. Lile*, 536 U.S. 24 (2002), the Court noted that, in determining whether a constitutional claim lies, "[c]ourts must decide whether the [facts] are closer to the physical torture against which the Constitution clearly protects or the *de minimis* harms against which it does not."  *Id*. at 42.  "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment."  *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987).

A specific example of the Eighth Amendment standard arises in *Johnson v. Unknown Dellatifa*, 357 F.3d 539 (6th Cir. 2004) when an inmate alleged that a correctional officer repeatedly banged and kicked his cell door, threw his food trays through the bottom slot of the cell door so hard that the

**ORDER  5**

top flew off, made insulting remarks, growled and snarled through the window, smeared the window so that the inmate could not see out, and jerked and pulled him when escorting him from his cell.  The Sixth Circuit held that the alleged actions, although "shameful and utterly unprofessional," did not violate the Eighth Amendment.  *Id*. at 546. Similarly, the Seventh Circuit held that a correctional officer's act of spitting on a prisoner did not rise to the level of a constitutional violation. *DeMallory v. Cullen,* 855 F.2d 442, 445 (7th Cir. 1988).  Against this legal standard, the Court previously concluded that Plaintiff's allegations against Defendant Proctor did not rise to the level of a constitutional violation.

Because Plaintiff has added nothing new to these allegations, the Eighth Amendment claim is subject to summary dismissal.

### Claim Against Defendant Lohmann

The Amended Complaint's allegations against Defendant Lohmann are also the same as the ones in the original Complaint.  Defendant Lohmann is a contracting physician with the Jerome County Jail, and he allegedly harassed Plaintiff by making an obscene gesture during a medical appointment.  Plaintiff was previously advised that verbal harassment, abuse and threats, without more, are not sufficient to state a constitutional

**ORDER  6**

deprivation under § 1983.  *Oltarzewski v. Ruggiero*, 830 F.2d 136 (9th Cir. 1987) (allegations that correctional counselor threatened an inmate's safety were not actionable under § 1983); *Freeman v. Arpaio*, 125 F.3d 732 (9th Cir. 1997) (abusive language directed at prisoner's religious and ethnic background not actionable); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (allegations that defendant verbally abused and threatened him did not constitute a constitutional violation).

In *Austin v. Terhune*, 367 F.3d 1167 (9th Cir. 2004), Inmate Austin asserted that a correctional officer exposed his penis to the inmate through the glass of an officer's control booth for approximately 30 seconds, and made an obscene comment to the inmate.  *Id*. at 1171-72.  The Ninth Circuit held that the incident was not enough to meet the standard for sexual abuse under the Eighth Amendment.  *Id*. at 1172.  Therefore, based on this standard, Plaintiff's allegations against Defendant Lohmann do not rise to the level of an Eighth Amendment violation, and the claim is subject to summary dismissal.

### Claim Against Counties

Plaintiff's Amended Complaint also contains a claim against Jerome and Bonneville Counties.  She claims that county officials failed to properly

**ORDER  7**

train Defendants Proctor and Lohmann, and that there was a custom or policy permitting sexual contact or harassment of inmates.  Because the conduct of the individual Defendants does not give rise to a constitutional violation, the counties' alleged failure to train these employees does not amount to a constitutional violation.  *Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001)(a plaintiff must show that a governmental entity deprived the person of a constitutional right).

Based on the foregoing, Plaintiff's claims against the county Defendants are also subject to summary dismissal.

**Property Deprivation Claim**

Plaintiff also included the same property deprivation claim in the Amended Complaint as the one in the original Complaint.  The alleged confiscation of her personal property occurred during 1998 when Plaintiff was arrested and subsequently incarcerated in Jerome County.  Plaintiff was previously informed that the negligent or intentional unauthorized deprivation of property by jail officials does not state a cognizable cause of action under § 1983, if the prisoner has an adequate state post-deprivation remedy.  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984);*Parratt v. Taylor*, 451

**ORDER  8**

U.S. 527, 531 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986); *Taylor v. Knapp*, 871 F.2d 803, 805-06 (9th Cir.1989), *cert. denied*, 493 U.S. 868 (1989).  Idaho has adopted the Idaho Tort Claims Act, I.C. § 6-901, *et seq*., to provide a remedy for citizens injured by the tortious acts of governmental entities, officials and employees, and Plaintiff was informed that this provides an adequate remedy for the alleged property deprivation.

An additional basis for dismissing Plaintiff's claims is that they all fall beyond the statute of limitations for civil rights actions.  The length of the statute of limitations for a civil rights action is governed by state law. *Wilson v. Garcia*, 471 U.S. 261 (1985) (later overruled only as to claims brought under the Securities Exchange Act of 1934, not applicable here). Idaho Code § 5-219 provides for a two-year statute of limitations for professional malpractice, personal injury, and wrongful death actions, and it is this statute that governs civil rights actions arising in Idaho.

A court may dismiss a case sua sponte on statute of limitations grounds before a defendant has filed a responsive pleading.  *See Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 686-87 (9th Cir. 1993).  Accordingly, Plaintiff's Eighth Amendment and property deprivation claims are subject to

**ORDER  9**

summary dismissal based on the expiration of the statute of limitations.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's

Amended Complaint is subject to summary dismissal pursuant to 28 U.S.C.

§ 1915(e)(2)(B) for the reasons set forth above.

DATED:  **November 3, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

**ORDER  10**